The STATE of Ohio, Appellee,

v.

GRIMES, Appellant.

[Cite as State v. Grimes (2001), 143 Ohio App.3d 86.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78496.

Decided April 23, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Ralph A. Kolasinski,* Assistant Prosecuting Attorney, for appellee.

*Patrick S. Lavelle,* for appellant.

COLLEEN CONWAY COONEY, Judge.

Defendant-appellant Shawn Grimes appeals from the trial court's decision that classified him as a sexual predator. For the reasons below, the trial court's decision is reversed.

On August 24, 1994, Grimes pled guilty to attempted rape, in violation of R.C. 2907.02 and 2923.02. Defendant was sentenced to six to fifteen years in prison. A sexual predator determination hearing was held, on recommendation, pursuant to R.C. 2950.09(C)(1), and on June 3, 1997, Grimes was classified as a sexual predator. This court granted his motion for leave to file a delayed appeal.

Appellant raises one assignment of error:

"I. The evidence is insufficient, as a matter of law, to prove by 'clear and convincing evidence' that appellant is likely to engage in the future in one or more sexually oriented offense[s]."

Appellant asserts that the evidence presented by the prosecutor was inadequate to establish that he is a sexual predator.

Before addressing the merits of Grimes's assignment of error, the error on the sentencing addendum must be addressed. On the sentencing addendum, the trial

court erroneously placed an "x" on the line indicating that Grimes had been classified as a sexual predator under R.C. 2950.09(A), in addition to placing another "x" on the line indicating that Grimes had been so classified under R.C. 2950.09(B). The sentencing addendum clearly provides that only one category should be chosen.

R.C. 2950.09(A), (B), and (C) set forth the methods for classifying a person as a sexual predator. R.C. 2950.09(A) provides that an offender is automatically classified as a sexual predator if the person is convicted of or pleads guilty to a sexually violent offense and also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment. Here, no sexually violent predator specification was included in the indictment; therefore, the trial court could not automatically classify Grimes as a sexual predator pursuant to R.C. 2950.09(A).

Where an offender cannot be classified as a sexual predator pursuant to R.C. 2950.09(A), he or she "may be classified as a sexual predator for purposes of this chapter only in accordance with division (B) or (C) of this section." See R.C. 2950.09(A).

In the instant action, a determination hearing was held pursuant to R.C. 2950.09(C), and the trial court determined Grimes's sexual predator status pursuant to R.C. 2950.09(B). The trial judge stated his intention during the determination hearing. While referring to the sentencing addendum he stated, "I'm going to check probably line two under sexual predator, 'upon hearing held pursuant to R.C. 2950.09(B), defendant hereby adjudicated to be a sexual predator * * *.'"

Thus, the intention of the court to hold a sexual predator hearing pursuant to R.C. 2950.09(B) is clear from the record. Therefore, this court must review whether the court complied with the statutory requirements governing the determination hearing.

Grimes contends that the court erred in determining him to be a sexual predator because the state failed to present clear and convincing evidence that he is likely to participate in sexually oriented offenses in the future.

R.C. 2950.09(B)(2) provides the factors that a trial court must consider in making a determination as to whether an offender is a sexual predator. It provides that the judge shall consider all relevant factors, including, but not limited to, all of the following:

"(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed

involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct."

R.C. 2950.09(B)(2) does not require that each factor be met; rather, it simply requires that the trial court consider those factors that are relevant. See *State v. Ferrell* (Mar. 18, 1999), Cuyahoga App. No. 72732, unreported, 1999 WL 148467.

Considering the relevant factors, the court is required to determine whether the offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3). The standard of "clear and convincing evidence" is the measure or degree of proof that is more than a mere "preponderance of the evidence" but not of the certainty required for "beyond a reasonable doubt" in most criminal cases. See *Ferrell, supra,* citing *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. See *Schiebel,* 55 Ohio St.3d at 74, 564 N.E.2d at 60.

R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."

Grimes's conviction for attempted rape qualified as sufficient evidence to meet the first prong of R.C. 2950.01(E) because attempted rape is a "sexually oriented offense." However, the trial court was provided with insufficient evidence to satisfy the second prong of R.C. 2950.09(B)(3), which also must be satisfied by clear and convincing evidence.

In the case at bar, the trial court mainly relied on the presentence investigation report in making its determination. Despite Grimes's contention, this evidence may be relied on even if a trial court does not fully comply with the rules of evidence in admitting it. See *State v. Cook* (1998), 83 Ohio St.3d 404, 425,

700 N.E.2d 570, 587. In *Cook*, the Supreme Court held that "reliable hearsay, such as a presentence investigation report, may be relied on by the trial judge." Thus, the admissibility of the presentence investigation report is not at issue; rather, the question is whether the information therein was fully considered by the court and whether the report contained a sufficient amount of evidence to classify Grimes as a sexual predator.

The presentence investigation report reveals that the incident which led to Grimes's 1994 attempted rape conviction involved a four-year-old boy. Also, it provides that in 1989, Grimes was adjudicated, while a juvenile, for gross sexual imposition. The victims of that crime were four young children. Additionally, the presentence investigation report indicates that Grimes received counseling after the gross sexual imposition charge. Despite being apprised of the fact that Grimes received counseling, the trial court failed to address this issue at the determination hearing. Moreover, although the defendant was present at the determination hearing, the trial court failed to address him or question him about anything contained in the presentence investigation report.

In this case, there is little pertinent information on the record beyond the fact of Grimes's 1994 conviction and his prior act of gross sexual imposition as a juvenile. Had expert testimony been presented regarding Grimes's psychiatric or psychological state or had the court probed into the effect or nature of the counseling that Grimes received, the trial court could have made an accurate finding as to Grimes's propensity to engage in a sexually oriented offense in the future. See *Ferrell*, (Mar. 18, 1999), Cuyahoga App. No. 72732, unreported, 1999 WL 148467. The record is void of any consideration of this issue; therefore, no clear and convincing evidence was presented to prove Grimes "is likely to engage in the future in one or more sexually oriented offenses" as required by R.C. 2950.01(E) and R.C. 2950.09(C). The trial court failed to indicate the reasoning behind its decision to classify Grimes as a sexual predator. Thus, the trial court erred in classifying Grimes as a sexual predator without making the requisite findings.

Therefore, because the trial court merely listed the statutory factors of R.C. 2950.09(B) on the record but failed to set forth the particular evidence and factors upon which it relied in making its determination, it failed to comply with the mandates of R.C. 2950.09(B). Thus, Grimes's assignment of error is well taken, the trial court's decision is reversed, and the case is remanded for a new hearing on the sexual predator classification.

*Judgment reversed*
*and cause remanded.*

TIMOTHY E. MCMONAGLE, P.J., and ROCCO, J., concur.