JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Henry Laury appeals his classification as a sexual predator. We find no merit to the appeal and affirm.
 {¶ 2} In June 1993, Henry Laury was indicted on three counts of rape, one count of gross sexual imposition, two counts of felonious assault, and one count of attempted rape, for crimes he committed against two minors, ages four and seven. In March 1994, Laury pled guilty to two counts of attempted rape, and the remaining counts were nolled. The court sentenced him to a term of four to fifteen years on each count, to run concurrently.
 {¶ 3} Pursuant to H.B. 180, the Department of Rehabilitation and Corrections recommended that appellant be classified as a sexual predator. The trial court conducted a sexual predator hearing pursuant to2950.09(C), and on May 7, 2002, the court determined that there was clear and convincing evidence that appellant was likely to commit other sexually oriented offenses and classified him as a sexual predator. This appeal followed.
 {¶ 4} Laury raises the following assignment of error:
 {¶ 5} "The evidence is insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 6} Appellant asserts that the evidence presented by the prosecutor was inadequate to establish that he is a sexual predator.
 {¶ 7} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, before declaring an offender a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(3).
 {¶ 8} In State v. Eppinger, the Ohio Supreme Court defined the clear and convincing evidence standard as follows:
 {¶ 9} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger (2001), 91 Ohio St.3d 158, 164, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 10} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 11} Pursuant to R.C. 2950.09(B)(2), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender completed any sentence imposed for any conviction, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 12} R.C. 2950.09(B)(2) does not require that each factor be met. It simply requires the trial court consider those factors that are relevant. State v. Grimes (2001), 143 Ohio App.3d 86, 89.
 {¶ 13} The trial court reviewed all of the evidence and made findings under relevant factors listed in R.C. 2950.09(B)(2). Specifically, the court found based upon the postsentence report that there were multiple victims, in this case two, and that the victims were four and seven years of age at the time of the offenses. The court also observed that Laury's relationship to the victims facilitated the commission of the offenses because he was the victims' grandfather.
 {¶ 14} The court also found from the victims' statements contained in the postsentence report that there was a demonstrated pattern of abuse and that these crimes were not isolated incidents. The victims reported that Laury's conduct involved oral, digital, and penile vaginal penetration on several occasions over the course of at least one year.
 {¶ 15} Further, the record contained at least two different documents signed by Laury indicating his refusal to participate in any sexual offender programs offered to him while he was incarcerated. Notwithstanding Laury's guilty plea, the contact sheet from the Lorain Correctional Institution indicates Laury denied the attempted rapes of the victims in this case. He also refused to participate in a psychiatric evaluation for purposes of the hearing.
 {¶ 16} Laury argues that his advanced age and illness make it unlikely that he will offend again. He is over seventy years old and has cancer. While his age and physical condition may lead one to conclude that he would not have the desire or opportunity to re-offend sexually, "elderly status and poor health alone does not positively preclude a person, properly motivated, from acting out one's deviant interests." SeeState v. Doyle, Cuyahoga App. 79981 79982, 2002-Ohio-2574.
 {¶ 17} Based on the evidence presented, we conclude that the trial court's finding is based on sufficient evidence. Laury's assignment of error is without merit.
 {¶ 18} Judgment affirmed.
 {¶ 19} It is ordered that appellee recover of appellant its costs herein taxed.
 {¶ 20} The court finds there were reasonable grounds for this appeal.
 {¶ 21} It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 {¶ 22} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and MICHAEL J. CORRIGAN, J. CONCUR
Sexual Predator