JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant Kevin J. Kelly appeals from the judgment of the trial court which determined that he is a sexual predator. For the reasons set forth below, we affirm.
 {¶ 2} On November 26, 1991, defendant was indicted in Case No. CR-273719 for one count of kidnaping and three counts of rape, all with aggravated felony specifications stemming from defendant's March 1985 conviction for rape in Case No. CR-181378. On June 15, 1992, defendant pleaded guilty to one count of attempted rape in Case No. CR-273719, and was sentenced to a term of seven to fifteen years incarceration "to run concurrent to CR-272970."
 {¶ 3} On June 24, 2002, the state filed a request for a sexual predator adjudication. At the sexual predator classification hearing, the prosecutor, the defense attorney, and the court discussed defendant's prior convictions, and the defense attorney acknowledged that defendant's conviction in CR-272970 "was a plea of guilty to attempted rape in that case as well." (Tr. 4). The prosecutor then informed the court that defendant's March 1985 conviction in Case No. CR-181378 "was a case involving a fifteen year old girl" and that "there were threats of violence in connection with that rape" and that it was a "stranger rape." (Tr. 5-6).
 {¶ 4} The prosecutor further informed the court that shortly after defendant was released from incarceration in Case No. 181378, the offenses set forth in Case No. 273719 occurred. According to the pre-sentence report pertaining to this offense, friends of the victim dropped her off in the area of West 98th Street and Lorain, but she later realized that her car was parked at a different location. The defendant approached and offered assistance, but rather than driving her to her car, he took her to Old River Road. He stated that he did not want to have to beat her up, ordered her to undress, then raped her multiple times.
 {¶ 5} The state also introduced a Court Psychiatric Clinic report which indicated that according to the results of a STATIC-99 recidivism test, defendant was in a "medium/high risk category" for re-offending, and that there was a 40% likelihood that he would rape or sexually assault someone again in the next fifteen years. In addition, the state introduced various documents pertaining to defendant's incarceration at Lima Correctional Institution, including a list of his various job assignments, his disciplinary record, and assessments of his security risk which indicated that he should be under "medium" security. The state also introduced various certifications that defendant had received which demonstrated that he had completed Bible study and self-improvement classes and had received various community service and leadership awards from the Jaycees while incarcerated.
 {¶ 6} Counsel for defendant informed the court that defendant acknowledged his culpability in the previous matters but maintained that they were alcohol related, that defendant's judgment had been impaired, and that defendant had stopped drinking ten years earlier. Counsel maintained that defendant had taken various classes to prepare himself for life outside of prison. He acknowledged the recidivism assessment prepared by the Court Psychiatric Clinic but he claimed that because the stated likelihood was less than .50, the state had failed to present sufficient evidence that defendant would re-offend.
 {¶ 7} The trial court subsequently determined that defendant was likely to commit other sexually oriented offenses and classified him as a sexual predator. Defendant now appeals and assigns two errors for our review.
 {¶ 8} Defendant's first assignment of error states:
 {¶ 9} "The evidence was insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 10} On review, an appellate court must examine the record to determine whether sufficient evidence exists to demonstrate, by clear and convincing evidence, that defendant is a sexual predator. State v.Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 11} In a sexual predator hearing, the state must show by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger
(2001), 91 Ohio St.3d 158, 743 N.E.2d 881; R.C. 2950.01(E).
 {¶ 12} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger,
supra, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118; State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54.
 {¶ 13} The determination as to whether the offender is likely to engage in the future in one or more sexually oriented offenses is based upon all relevant factors, including the statutory factors listed in R.C.2950.09(B). Eppinger, supra. State v. Thompson (2001), 92 Ohio St.3d 584, 2001 Ohio 1288, 752 N.E.2d 276, paragraph one of the syllabus.
 {¶ 14} The statutory factors include:
 {¶ 15} "(a) The offender's age;
 {¶ 16} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 17} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 18} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 19} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 20} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 21} "(g) Any mental illness or mental disability of the offender;
 {¶ 22} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 23} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 24} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B).
 {¶ 25} The court is to discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v. Thompson (2001),92 Ohio St.3d 584, 588, 2001 Ohio 1288, 752 N.E.2d 276, quoting State v.Eppinger, supra. Nonetheless, the trial court is not required to "tally up or list the statutory factors in any particular fashion." See State v.Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court consider those factors that are relevant. State v. Grimes (2001),143 Ohio App.3d 86, 89, 757 N.E.2d 413.
 {¶ 26} Finally, a sexual predator determination hearing is akin to a sentencing hearing in that the Rules of Evidence do not strictly apply and the trial court is allowed to examine all evidence which demonstrates some indicia of reliability, regardless of whether that evidence was authenticated as contemplated by the Rules of Evidence. State v. Brown
(2002), 151 Ohio App.3d 36, 2002 Ohio 5207, 783 N.E.2d 539; R.C. 2950.09; Evid.R. 101(C). Accord State v. Cook (1998), 83 Ohio St.3d 404, 425 ("we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator classification hearings.").
 {¶ 27} In this matter, it is undisputed that defendant has been convicted of three separate sexually oriented offenses. While little evidence was presented concerning case no. CR-272970, it is undisputed that CR-181378 "was a case involving a fifteen year old girl" and that "there were threats of violence in connection with that rape" and that it was a "stranger rape." (Tr. 5-6).
 {¶ 28} Defendant served six years for this offense. (Tr. 5). Shortly thereafter, in December 1990, he committed the next rape, prosecuted in Case No. CR-273719. This matter also involved the rape of a stranger who needed assistance and also included threats of violence.[1]
 {¶ 29} In addition, the risk assessment prepared by the Court Psychiatric Clinic, considered as perhaps "the best tool available to the court to assist it in making these determinations," Eppinger at 886, indicates that defendant is in the "medium-high risk category" with a .33 likelihood of re-offending in five years, a .38 likelihood of re-offending in ten years, and a .40 likelihood of re-offending in fifteen years. Although defendant maintains that this statistical prediction does not demonstrate the requisite likelihood for re-offending because it is less than .50, we note that the statistical prediction is compelling and increases over time. Moreover, the offenses were predatory in that they occurred when the defendant approached vulnerable women under the guise of providing assistance. Further, while defendant blamed his criminal activity to his use of alcohol, and asserted that he will never drink again, the clinic report noted that during the period of sobriety, defendant has been in a controlled environment. In addition, although defendant has completed various Bible based- and self-improvement programs, he has not completed a sexual offender treatment program. From all of the foregoing, we conclude that there is sufficient evidence to clearly and convincingly demonstrate that defendant is likely to engage in the future in one or more sexually oriented offenses. We therefore hold that the trial court did not err in concluding that defendant is a sexual predator and subject to the requirements of R.C. Chapter 2950.
 {¶ 30} The first assignment of error is without merit.
 {¶ 31} Defendant's second assignment of error states:
 {¶ 32} "As held by the Ohio Supreme Court in State v. Thompson,
the trial court erred in determining that the appellant was a sexual predator without considering or citing to the relevant factors codified at R.C. 2950.09(B)(2)."
 {¶ 33} Within this assignment of error, defendant asserts that the trial court failed to identify the statutory or other factors upon which it relied in making its determination that defendant is a sexual predator.
 {¶ 34} As noted previously, the trial court must discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v.Thompson, supra, but is not required to "tally up or list the statutory factors in any particular fashion." See State v. Clayton, supra.
Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court consider those factors that are relevant. State v. Grimes, supra.
 {¶ 35} In this matter, the trial court announced that, although defendant had completed various classes and programs, it had considered that defendant committed three sexually oriented offenses, the circumstances of which demonstrate that one of the victims was only fifteen years old, that two of the victims did not know defendant and that defendant preyed upon them while they were vulnerable. The court further indicated that defendant was assessed as a medium-high risk for re-offending, and that after hearing from defendant, "you're not exactly sure how things will result upon your release." (Tr. 27-29). The court found that compliance with R.C. Chapter 2950 was necessary to safeguard the community.
 {¶ 36} We find that the trial court adequately identified the factors upon which it relied in making its determination regarding the likelihood of recidivism; it was not required to recite an application of each factor.
 {¶ 37} The second assignment of error is overruled.
Affirmed.
Michael J. Corrigan, P.J., Concurs. Timothy E. McMonagle, J., Concursin judgment only.
[1] The psychiatric clinic report also refers to an additional arrest in 1983 for kidnaping and rape.