JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Michael Higgins appeals from his convictions for rape and kidnapping with a sexual motivation specification. For the reasons set forth below, we affirm.
 {¶ 2} On July 21, 2003, defendant and co-defendant Diondre Fisher were indicted for four counts of rape and one count of kidnapping with a sexual motivation specification in connection with an alleged attack on a thirteen-year-old girl. Defendant pled not guilty and moved to suppress his statements to investigating officers and a county worker. Defendant later pled guilty to one count of rape and the kidnapping count with the sexual motivation specification, and the remaining rape counts were nolled.
 {¶ 3} On August 17, 2004, the trial court held a sexual predator hearing. Cleveland Police Det. James McPike testified that on July 6, 2003, defendant approached the girl at Harmondy Park and offered her marijuana and asked for her phone number. The next day, defendant and Fisher saw the girl riding her bicycle. Later, he and his cousin invited the girl to "chill" with them. The girl agreed and dropped off her bicycle. The girl's companions told the girl's grandmother what had happened. The girl's grandmother went to the area to look for the girl. Defendant spotted the girl's grandmother then let the girl out of the car. He telephoned her later that night and she later met the men at Fisher's grandmother's house.
 {¶ 4} The men gave her alcohol, and Black and Mild cigarettes/cigars. She became dizzy and intoxicated. Defendant went upstairs and Fisher began to dance with the girl. He pulled her hair, threatened her and removed her clothing. He raped her vaginally. Defendant entered the room and the girl asked him to help her. Defendant made the girl suck his penis, causing her to vomit, as Fisher raped her anally. The girl pleaded with the men to let her go to the bathroom, and when they agreed, she fled naked from the house to a neighbor. She sustained a vaginal laceration as the result of the attack.
 {¶ 5} Det. McPike further testified that defendant pled guilty to attempted voyeurism in 2003, and admitted to a social worker that he had oral sex with the girl.
 {¶ 6} The state further demonstrated that defendant had been convicted of attempted trafficking in drugs, and was 23 at the time of the incident. Finally, the state established that defendant's score on the Static 99, a test of likely recidivism, was 6. This score indicates that he is in the high risk category for sexual recidivism, and had a 52% likelihood of reoffending in the next fifteen years.
 {¶ 7} The trial court determined that defendant is a sexual predator. Following the sexual predator hearing, the trial court sentenced defendant to concurrent terms of eight years of imprisonment. Defendant now appeals and assigns two errors for our review.
 {¶ 8} Defendant's first assignment of error states:
 {¶ 9} "The evidence at the sexual predator hearing failed to establish by clear and convincing proof that Appellant was likely to commit a sexually-oriented offense in the future."
 {¶ 10} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, before classifying an offender as a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(4).
 {¶ 11} In State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, the Ohio Supreme Court defined the clear and convincing evidence standard as follows:
 {¶ 12} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
 {¶ 13} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54.
 {¶ 14} Pursuant to R.C. 2950.09(B)(3), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender completed any sentence imposed for any conviction, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 15} R.C. 2950.09(B) does not require that each factor be met. It simply requires the trial court consider those factors that are relevant. State v. Cook, 83 Ohio St.3d 404, 426, 1998-Ohio-291,700 N.E.2d 570; State v. Grimes (2001), 143 Ohio App.3d 86, 89,757 N.E.2d 413.
 {¶ 16} Further, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge." State v. Schiebel, supra, citing Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 17} We find the evidence offered at the sexual predator hearing meets the criteria necessary for a sexual predator classification and that the trial court properly applied the factors enumerated in R.C.2950.09(B)(3). In classifying defendant, the trial court noted that the offense involved two grown men on one child, that it involved oral, anal, and vaginal sex with resulting injuries, the men gave the girl alcohol and a cigar/cigarette which made her ill, and Fisher threatened to kill her. The court also noted that the girl escaped the men by fleeing naked from the home. Finally, the court noted that defendant had been convicted of voyeurism, attempted voyeurism, and a misdemeanor drug offense. We find the evidence offered at the sexual predator hearing meets the criteria necessary for a sexual predator classification and that the trial court properly applied the factors enumerated in R.C.2950.09(B)(3). The trial court properly determined that the evidence of record, including defendant's score on the Static 99, clearly and convincingly indicates that defendant is likely to commit a sexually oriented offense in the future.
 {¶ 18} The first assignment of error is without merit.
 {¶ 19} Defendant's second assignment of error states:
 {¶ 20} "The trial court erred when it failed to impose the shortest sentence on the Appellant who had never been imprisoned, in the absence of proof Appellant used drugs or deception to impair the victim's judgment and when Appellant's conduct was substantially less than conduct which normally constitutes rape."
 {¶ 21} The Ohio Supreme Court has held that, "pursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463,469, 2003-Ohio-4165, 793 N.E.2d 473. However, the trial court is not required to give specific reasons for its findings pursuant to R.C.2929.14(B)(2). Id., citing State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131. R.C. 2929.14(B) provides in part:
 {¶ 22} "If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 23} Rape is a felony of the first degree. R.C. 2907.02. An offender convicted of a first degree felony may be sentenced to a prison term of three to ten years. R.C. 2929.14(A)(1). Kidnapping to engage in sexual activity is a felony of the first degree. R.C. 2905.01C). As such, the penalties are three to ten years of imprisonment. R.C. 2929.14(A)(1).
 {¶ 24} In this matter, defendant has never before served a prison term. However, the trial court considered the minimum sentence, and properly articulated the statutory mandates for imposing a higher sentence, then made a record as to why the minimum sentence would demean the seriousness of the offense.[1] The trial court did not err in applying the factors set forth in R.C. 2929.14, and indeed, defendant concedes that the "Court did make such a finding." (Brief at 12).
 {¶ 25} Defendant complains, however, that defendant's conduct is somehow less than "ordinary rape" and that the record does not demonstrate that he used force or the administration of "controlled substances" to prevent the girl's resistance. We note, however, that both men pled guilty to rape and kidnapping with sexual motivation specifications. Moreover, we reject counsel's characterization of the offenses because the record indicates that defendant and Fisher simultaneously raped the girl after inviting her to Fisher's grandmother's house where she was given alcohol.
 {¶ 26} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Rocco, J., concur.
[1] In State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, this court held that a trial court does not violate a defendant's right to a jury trial by making findings in support of a sentence which is more than the minimum.