JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Michael Switzer appeals from his sentence for unlawful sexual conduct with a minor. For the reasons set forth below, we affirm.
 {¶ 2} On October 20, 2004, defendant was indicted pursuant to a six-count indictment for alleged acts upon a female under sixteen years-old. Count One charged defendant with unlawful conduct with a minor, in violation of R.C. 2907.04, with a sexual motivation specification. Count Two charged defendant with illegal use of a minor in a nudity-oriented performance in violation of R.C. 2907.323, with a sexual motivation specification. Count Three charged him with pandering obscenity in violation of R.C. 2907.321 with a sexual motivation specification. Count Four charged defendant with pandering obscenity involving a minor, with a sexual motivation specification. Count Five charged him with corrupting another with drugs, in violation of R.C. 2925.02. Count Six charged him with promoting prostitution, in violation of R.C. 2907.22, with a sexual motivation specification.
 {¶ 3} Defendant subsequently pled guilty to Count One. The trial court sentenced him to a term of seventeen months of imprisonment, and ordered it to run concurrently with an unrelated matter, common pleas court case no. 453437. The trial court also determined that defendant is a sexual predator. Defendant now appeals and assigns two errors for our review.
 {¶ 4} Defendant's first assignment of error states:
 {¶ 5} "The trial court erred in sentencing appellant to more than the minimum prison sentence when he had not previously served a prison term."
 {¶ 6} In his first assignment of error, defendant contends that the trial court erred in imposing more than a minimum sentence because he had never previously served a prison term. Defendant also argues that, in light of the United States Supreme Court's recent decision in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, the trial court erred in making findings in support of the prison term.
 {¶ 7} R.C. 2929.14(B) provides that the trial court must impose the minimum sentence on an offender unless the court finds one or more of the following applies:
 {¶ 8} "(1) the offender was serving a prison term at the time of the offense, or the offender previously had served a prison term; or (2) the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 9} The Ohio Supreme Court has held that, "pursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing."State v. Comer, 99 Ohio St.3d 463, 469, 2003-Ohio-4165,793 N.E.2d 473. However, the trial court is not required to give specific reasons for its findings pursuant to R.C. 2929.14(B)(2). Id., citing State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131.
 {¶ 10} In this matter, defendant has never before served a prison term. However, the trial court considered the minimum sentence, and specifically found that "it would demean the seriousness of the offense and would not adequately protect the public to give you the shortest term." (Tr. 63-64). The court properly articulated the statutory mandates for imposing a longer sentence, then made a record as to why the minimum sentence would demean the seriousness of the offense, including defendant's history of prior offenses, the fact that he committed the instant offense while out on bond in an unrelated matter, the age of the victim, and the nature and circumstances of the offense.
 {¶ 11} Further, in accordance with this court's recent decision in State v. Atkins-Boozer, Cuyahoga App. No. 84151,2005-Ohio-2666, neither the Sixth Amendment nor Blakely
requires a jury determination as to whether a minimum sentence would demean the seriousness of the offense. Rather, the trial court is permitted to make such findings in order to determine the appropriate sentence within the statutory range.
 {¶ 12} In accordance with the foregoing, the first assignment of error is overruled.
 {¶ 13} Defendant's second assignment of error states:
 {¶ 14} "The trial court erred when it classified appellant as a sexual predator."
 {¶ 15} Defendant next complains that there was insufficient evidence to establish the sexual predator determination.
 {¶ 16} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. In order to classify an offender as a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(4).
 {¶ 17} In State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247, 743 N.E.2d 881, the Ohio Supreme Court defined the clear and convincing evidence standard as follows:
 {¶ 18} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
 {¶ 19} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 20} Pursuant to R.C. 2950.09(B)(3), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender completed any sentence imposed for any conviction, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 21} R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court consider those factors that are relevant. State v. Cook, 83 Ohio St.3d 404, 426,1998-Ohio-291, 700 N.E.2d 570; State v. Grimes (2001),143 Ohio App.3d 86, 89, 757 N.E.2d 413.
 {¶ 22} Further, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge." State v.Schiebel, supra, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 23} In this matter, the trial court noted that defendant "started the victim on an approximately three-day spree of prostitution where she was basically offered around to other people in the neighborhood." The court also noted that defendant has substance abuse issues, is under 25 years old, has a history of juvenile adjudications as well as adult convictions and admitted to viewing pornographic videos "every chance he gets." In addition, defendant had a Static 99 score of 5, the high risk category, which indicates a 33% probability that he will reoffend within five years. We find that the evidence presented at the sexual predator hearing meets the criteria necessary for a sexual predator classification and that the trial court properly applied the factors enumerated in R.C. 2950.09(B)(3). The trial court's classification of defendant as a sexual predator is supported by clear and convincing evidence.
 {¶ 24} The second assignment of error is without merit. Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Corrigan, J., concur.