{¶ 23} In this appeal, Archer challenges both his sentence and designation as a sexual predator. The majority vacates Archer's sentence and remands this case for resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-0856. I concur *Page 7 
in this decision. However, the majority affirms Archer's designation as a sexual predator. I must respectfully disagree with this decision.
 {¶ 24} A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). An offender is "likely" to engage in future sexually oriented offenses if there is "a high probability" that he will do so. Merriam-Webster Online Dictionary (February 20, 2007), http://www.mw.com/dictionary/likely.
 {¶ 25} In this case, the facts do not support a conclusion that there is a high probability that Archer will reoffend in the future. Archer pled guilty to rape and the victim of this crime was a small child. However, the fact that the victim of the sexually oriented offense is a child is not, in and of itself, sufficient to classify an offender as a sexual predator. See State v. Hunter (2001), 144 Ohio App.3d 116, 123
(Fact that victim of rape and gross sexual imposition was nine is not enough to support sexual predator designation.); State v. Grimes (2001),143 Ohio App.3d 86. Indeed, in Grimes, the defendant was found guilty of the attempted rape of a four-year old and was adjudicated, while a juvenile, for gross sexual imposition, but was found not to be a sexual predator.
 {¶ 26} Furthermore, the expert who examined Archer stated that Archer demonstrated no sexual interest in young children, that he could not diagnose him as a pedophile, and that offenders resembling him only recidivated at a 26-36% rate over fifteen years. Finally, Archer did not have any criminal history, let alone a history of sexual offenses, nor any substance abuse issues. These facts do not show that there is a high probability that Archer will recidivate in the future. Instead, they merely demonstrate that recidivism is a possibility, as it is in many cases.
 {¶ 27} Rather than relying on these facts when reaching its conclusion, the majority cites to caselaw which states that pedophiles reoffend at a high rate. Opinion at ¶ 19, citing Eppinger at 162. However, this is completely improper for reasons best explained inState v. Krueger (Dec. 19, 2000), 8th Dist. No. 76624, a case involving a defendant who repeatedly raped a six year-old and a twelve year-old and had been diagnosed with pedophilia previously, but was held not to be a sexual predator. *Page 8 
 {¶ 28} "In connection with our decision here, we must note our disagreement with an unfortunate quote that already has been cited without critique in many cases. Sexual predator determinations recently have been upheld with language suggesting that the age of the victim alone can sustain the determination. The 'age of the victim' factor of R.C. 2950.09(B)(2)(c) has been characterized as follows:
 {¶ 29} "'Related to the court's determination of the likelihood of a defendant committing future sexual offenses, the legislature specifically included the age of the victim of the sexually oriented offense for which defendant was convicted. The legislature thus acknowledged, as have a multitude of courts, the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. (Emphasis added.)'
 {¶ 30} "State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (citing Kansas v. Hendricks [1997],521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501).
 {¶ 31} "The emphasized portion of the foregoing passage has been cited with approval by a number of courts in this state, including two panels of this district. State v. Hlavsa (May 18, 2000), Cuyahoga App. No. 76221, unreported; State v. Nelson (Dec. 23, 1999), Cuyahoga App. No. 73031, unreported. Owing, perhaps, to the reprehensible nature of sex crimes involving children, courts have quoted the passage uncritically, without stopping to determine whether the facts stated are supported by anything more than their assertion in the original quote. We trust that both professionals and the public will understand that our criticism is not motivated by our advocacy of pedophilia, but of fairness and reason. The statement is an assertion of fact, not a proposition of law; subsequent courts have adopted this assertion of fact without stopping to ask whether the facts were put in evidence in the cited case or any other.
 {¶ 32} "The Daniels court states that the Ohio General Assembly, in enacting R.C. 2950.09(B)(2)(c), acknowledged 'overwhelming statistical evidence' of recidivism rates among sex offenders who commit crimes against children. However, the Daniels court (and all courts quoting or adopting the language since) failed to cite any evidence showing the Ohio legislature's consideration of this statistical evidence, much less acknowledgment of it, and failed to cite any of 'the overwhelming statistical *Page 9 
evidence' itself. The only citation to either the evidence itself or to the 'multitude of courts' that have acknowledged the evidence isKansas v. Hendricks, supra. However, Hendricks makes no reference to any statistical evidence concerning recidivism rates of sexual offenders who commit crimes against children; the case simply concerns a single offender who committed repeat sexual offenses against children.Hendricks is a single case. Not only is it not 'overwhelming,' it is not statistical evidence and it neither cites nor discusses statistical evidence. We are left with a runaway quote making unsupported, unchecked factual claims that are then adopted as 'facts' in subsequent cases. However, just as the judge here erred in citing her ex parte knowledge of psychiatric literature on pedophilia, it is improper to cite phantom statistical evidence, no matter how 'overwhelming' the apparition.
 {¶ 33} "We express no opinion on whether the psychiatric community considers pedophilia a curable or treatable disorder, or whether statistical evidence shows that recidivism rates are higher for sexual offenders who victimize children than for other sexual offenders or offenders as a whole. Although such evidence may exist, it has not been offered or admitted in this case or in any other case of which we are aware. Because the evidence, even if it exists, has not been offered, admitted, or argued in Krueger's case, it, therefore, should not be considered." (Footnotes omitted).
 {¶ 34} When deciding this case, we are under an obligation to consider the facts of this case when deciding whether the evidence supports a conclusion that this offender is likely to reoffend. If the experts inthis case say that this offender falls with a class of offenders who only recidivated at a 26-36% rate over fifteen years, then there is not a high probability that this offender will reoffend.
 {¶ 35} The majority repeatedly cites to pedophilic aspects of this case to justify Archer's classification as a sexual predator. However, the fact that someone may have sexually assaulted a minor of tender years does not mean that he or she is a sexual predator. The evidence does not show that Archer is likely to reoffend and the trial court's designation of Archer as a sexual predator should be reversed.
 *Page 1