{¶ 1} Defendant-appellant, Nancy Marks ("Marks"), appeals the trial court's determination classifying her a sexual predator. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1996, Marks pled guilty to two counts of statutory rape and forty counts of corruption of a minor. She was sentenced to five to twenty-five years in prison for rape and two years for corruption of a minor. In October 2006, shortly before her release from prison, the State requested that the trial court conduct a sexual predator classification hearing pursuant to R.C. 2950.09(C).[1] After a full hearing, the trial court classified Marks as a sexual predator.
 {¶ 3} Marks appeals her classification as a sexual predator, assigning six assignments of error for our review, which will be combined when necessary for review.
 Standard of Review {¶ 4} In State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264, the Ohio Supreme Court clarified the standard of review applicable to sex offender classifications. The Wilson Court held that "[b]ecause sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial *Page 3 
judge's findings are supported by some competent, credible evidence." Id. at the syllabus.
 {¶ 5} The civil manifest-weight-of-the-evidence standard "affords the lower court more deference then [sic] does the criminal standard." Id. at 388. "Under this standard, a court of appeals must affirm the trial court's determination if it is supported by some competent, credible evidence." Id. at 389.
 Sexual Predator Classification {¶ 6} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. The State has the burden of proving that the offender is a sexual predator by clear and convincing evidence. Wilson; R.C.2950.09(B)(4). "Clear and convincing evidence is evidence that `will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' (Internal citations omitted). To meet the clear-and-convincing standard requires a higher degree of proof than `a preponderance of the evidence,' but less than `evidence beyond a reasonable doubt.'" Wilson at 386-387, citing State v. Ingram (1992),82 Ohio App.3d 341, 346, 612 N.E.2d 454.
 {¶ 7} In making a determination as to whether an offender is a sexual predator pursuant to R.C. 2950.09(B)(3), the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. *Page 4 
These factors include, but are not limited to: the offender's age and prior criminal record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense; whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental disease or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a)-(j).
 {¶ 8} At the hearing, the trial court should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v.Thompson, 92 Ohio St.3d 584, 588, 2001-Ohio-1288, 752 N.E.2d 276;State v. Othberg, Cuyahoga App. No. 83342, 2004-Ohio-6103.
 {¶ 9} However, "the trial court is not required to tally up or list the statutory factors in any particular fashion." State v. Ford, Cuyahoga App. No. 83683, 2004-Ohio-3293, f7. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v. Grimes
(2001), 143 Ohio App.3d 86, 757 N.E.2d 413. As we stated in State v.Butler, Cuyahoga App. No. 86554, 2006-Ohio-4492, "[t]he trial court may place as *Page 5 
much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to the defendant in order to conclude the defendant is a sexual predator."
 {¶ 10} In her first assignment of error, Marks argues that the evidence was insufficient to prove by clear and convincing evidence that she is likely to engage in the future in one or more sexually oriented offenses. In her second assignment of error, she argues that the trial court's decision was against the manifest weight of the evidence. Marks basically argues that the State failed to produce any evidence suggesting that she was likely to reoffend. We disagree.
 {¶ 11} A review of the record shows that the trial court relied on four of the statutory factors in determining that Marks was likely to commit another sexually oriented offense: the age of the victim, the existence of multiple victims, the pattern of sexual abuse, and other behavioral characteristics. In announcing its decision, the trial court stated:
 "The uncontroverted evidence submitted by the State indicates that the defendant is a highly educated individual who, while in a position of authority over the victim, engaged in sexual intercourse with two minors, one of which was twelve years old at the time.
 Any thought which existed as to the defendant's propensity to reoffend in this case was removed by the defendant's own testimony, which clearly demonstrates an individual attempting to assign some degree of legitimacy to the sexual relationship between herself and the twelve-year-old victim in this case.
 {¶ 12} The court did not hear any evidence that the defendant has received any sexual offender treatment, or has been rehabilitated to any extent. To that *Page 6 
extent, the public needs to be placed on the highest alert as to the defendant's whereabouts at all times."
 {¶ 13} We find no error in the trial court's adjudicating Marks as a sexual predator. The record demonstrates that the trial court relied on the factors in R.C. 2950.09(B)(3) and competent, credible evidence supports the court's determination.
 {¶ 14} The record reflects that Marks used her position of authority as an elementary school principal to engage in a year-long sexual affair with her twelve-year-old student. By her own admission, Marks befriended the unruly student to try and help "save" him. She testified at the hearing that the sexual abuse began after an incident in which the boy's mother "kicked him out" of the house and he wanted to live with the only adult he trusted, which was Marks. Marks testified that she was only trying to console the child when the first sexual contact occurred.
 {¶ 15} Marks also admitted to engaging in sexual relations with the student's older brother, who was also a minor at the time of the incidents. Marks admitted that she allowed both boys, and the older brother's girlfriend, to move into her home. She admitted that she gave them large sums of money and allowed them to use and "deal" drugs out of her home. She further admitted to at least one instance of using drugs with the boys. Once the boys' mother discovered what was going on, Marks paid the mother an undetermined sum of money in exchange for her silence and contracted with the mother to pay for the younger boy's college education. See State v. Robinson (Oct. 29, 1998), Cuyahoga App. No. 71850. *Page 7 
 {¶ 16} We find that there was evidence of a demonstrated pattern of sexual abuse, ranging from repeated sexual acts with two minors to payment of money to various people to obtain their silence. Additionally, the prison's institutional progress reports and Marks' own testimony at the hearing demonstrate her lack of remorse for her crimes. The institutional reports indicate that Marks refused any jobs within the prison that were not teaching jobs, and she considered herself superior to the other inmates.
 {¶ 17} In 1996, when Marks was first interviewed by the Court Psychiatric Clinic, she was diagnosed with pedophilia and advised to seek psychiatric counseling because she had no insight into her actions. She also told the examiner in regard to her relationship with her student that "since I didn't consider him a child, there was no problem in having sex." Even though a more recent 2006 Court Psychiatric Clinic report did not diagnosis her with pedophilia, she did admit at the hearing that she still had feelings for the student and might try to have a relationship with him once she was paroled. Moreover, the clinic report indicated that Marks currently presents risk factors associated with reoffending because the victim was an unrelated male, and she continued to have deviant sexual interests.
 {¶ 18} Therefore, we find that there was competent, credible evidence to support the trial court's determination classifying Marks as a sexual predator. It is not our role to reweigh the evidence and substitute our judgment for that of the trial *Page 8 
judge. See Wilson at 390. Therefore, the first and second assignments of error are overruled.
 Abuse of Discretion {¶ 19} In the third assignment of error, Marks argues that the trial court abused its discretion in determining that she was a sexual predator. As discussed above, the standard of review in this case is a civil manifest-weight-of-the-evidence standard which requires that the trial court's judgment may not be disturbed if supported by some competent, credible evidence. Thus, whether the trial court abused its discretion is not the appropriate standard for our review.
 {¶ 20} Accordingly, the third assignment of error is overruled.
 Ineffective Assistance of Counsel {¶ 21} In the fourth assignment of error, Marks argues that her counsel was ineffective.
 {¶ 22} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674. Pursuant toStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show her lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph one of the syllabus. To show such prejudice, a defendant must prove that, but for her lawyer's errors, a reasonable *Page 9 
probability existed that the result of the proceedings would have been different. Id. at paragraph two of the syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie,81 Ohio St.3d 673, 674, 1998-Ohio-343, 693 N.E.2d 267.
 {¶ 23} Marks argues that her lawyer was ineffective by failing to secure the testimony of an expert witness to assist the court and for failing to respond to the State's memorandum in support of the sexual predator classification. First, we note that the decision by defense counsel not to call an expert witness generally will not sustain an ineffective assistance of counsel claim. State v. Thompson (1987),33 Ohio St.3d 1, 10-11, 514 N.E.2d 407.
 {¶ 24} As to her argument that counsel should have secured an expert to assist the court, Marks relies on State v. Eppinger (2001),91 Ohio St.3d 158, 162, 743 N.E.2d 881, where the Ohio Supreme Court held that "an expert witness shall be provided to an indigent defendant at an R.C.2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." The Court reasoned that "one sexually oriented conviction, without more, may not predict future behavior. Therefore, the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism." Id. *Page 10 
 {¶ 25} Marks argues that counsel failed to secure the testimony of an expert to assist the court in its determination regarding the sexual predator classification. Marks also points to portions of the 2006 psychiatric report which favored her. Therefore, the court clearly had an expert report to assist in its determination.
 {¶ 26} Marks is unable to show that her counsel was ineffective for failing to request appointment of a second expert or that she was prejudiced by the failure. Here, the court was assisted by a psychiatric report based on Marks' current "condition" as well as a 1996 report by the Court Psychiatric Clinic. Moreover, the Eppinger Court held only that appointment of an expert may be warranted in certain circumstances, not that the appointment of an expert is mandatory, and Marks had forty-two sexually oriented convictions over a year-long period, not just a single occurrence.
 {¶ 27} We also find no merit to Marks' claim that her counsel should have responded to the State's motion in writing. Counsel orally responded to the State's arguments at the hearing, cross-examined the State's witnesses, and argued on Marks' behalf.
 {¶ 28} Therefore, the fourth assignment of error is overruled.
 Prosecutorial Misconduct {¶ 29} In the fifth assignment of error, Marks argues that "the trial court erred in failing to hold the prosecutor responsible for misconduct." Within this assignment of error, Marks claims that the prosecutor "did all the testifying" for the State's witness and "barely gave [the detective] an opportunity to speak."
 {¶ 30} Even if the State did ask leading questions during direct examination of its witness, Marks has waived all but plain error since she failed to object during the hearing to most of the questions. Moreover, evidentiary rules are not strictly applied in sex-offender-classification hearings, State v. Baron, Cuyahoga App. No. 80712, 2002-Ohio-4588, citing State v. Cook (1998), 83 Ohio St.3d 404,425, 1998-Ohio-291, 700 N.E.2d 570, and it is within the trial court's discretion to permit the use of leading questions. State v.Huggins, Cuyahoga App. No. 88068, 2007-Ohio-1289. Furthermore, Marks' counsel had the opportunity to fully cross-examine the State's witness.
 {¶ 31} The fifth assignment of error is not well taken.
 Civil Proceeding {¶ 32} In the sixth assignment of error, Marks argues that the standard of review for sex-offender-classification hearings is improper because civil liberties are at issue. She maintains that such hearings should be considered criminal in nature.
 {¶ 33} In 2007, the Ohio Supreme Court reaffirmed its position that sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature.
See Wilson at 389, 390. As an intermediate appellate court, we are bound by the Ohio Supreme Court's decision in Wilson, and cannot overrule it or declare it unconstitutional.
 {¶ 34} The sixth and final assignment of error is overruled.
 {¶ 35} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR
[1] R.C. 2950.09 was repealed effective January 1, 2008. *Page 1