JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Erik Ware ("Ware"), appeals his sexual predator classification. Finding some merit to the appeal, we affirm in part, reverse in part and vacate that portion of his classification requirements related to residency.
 {¶ 2} In 1992, Ware pled guilty and was sentenced to eighteen months in prison for burglary to be served concurrently to four to fifteen years in prison for attempted rape.
 {¶ 3} In November 2006, approximately one month before Ware was released from prison, the State filed a request for a H.B. 180 sexual predator adjudication hearing. The trial court conducted the hearing in May 2007. At the hearing, the State presented Ware's prior criminal history and the court psychiatric clinic's report. The court classified him as a sexual predator and ordered him to register with the sheriff's office every 90 days for the remainder of his life.
 {¶ 4} Ware appeals, raising two assignments of error for our review. In the first assignment of error, Ware argues that R.C. 2950.031
violates the Due Process Clauses of the United States and Ohio Constitutions.
 {¶ 5} R.C. 2950.031 prohibits a person convicted of a sexually oriented offense from establishing a residence or occupying residential premises within 1,000 feet of any school premises.[1] *Page 4 
 {¶ 6} Ware argues that: "R.C. 2950.031, both facially and as applied to him, violates the substantive component of the due process clause in the Fourteenth Amendment of the United States Constitution and in Section 16, Article I of the Ohio Constitution as well as the right to privacy guaranteed by Section 1, Article I of the Ohio Constitution." He claims that the residency restrictions "operate as a direct restraint on a person's liberty and infringe a citizen's fundamental right to live where they wish as well as his or her right to privacy."[2]
 {¶ 7} At oral argument, the State conceded that Hyle v. Porter,117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, controls and that this court should vacate the residency restriction imposed on Ware because he committed his sexually oriented offense before the effective date of the statute.
 {¶ 8} In Hyle, the Court held that "R.C. 2950.031 does not apply to an offender who bought his home and committed his offense before the effective date of the statute." The court explained that "[t]he language in R.C. 2950.031 presents at best a suggestion of retroactivity, which is not sufficient to establish that a statute applies retroactively." Id. *Page 5 
 {¶ 9} The State acknowledges that R.C. 2950.031 "does not proclaim its applicability to acts committed or facts in existence prior to the effective date of the statute or otherwise declare its retroactive application." Id. at ¶ 19.
 {¶ 10} Accordingly, the portion of Ware's classification requirements relating only to the residency restriction (1,000 feet of any school premises) is vacated.
 {¶ 11} Therefore, the first assignment of error is sustained.
 {¶ 12} In the second assignment of error, Ware argues that the State failed to prove "by clear and convincing evidence" that he is "likely to engage in the future in one or more sexually oriented offenses."
 {¶ 13} In State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264, the Ohio Supreme Court clarified the standard of review applicable to sex offender classifications. The Court held that: "[b]ecause sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence." Wilson, at the syllabus.
 {¶ 14} The civil manifest-weight-of-the-evidence standard "affords the lower court more deference then does the criminal standard." Id., citingBarkley v. Barkley (1997), 119 Ohio App.3d 155, 694 N.E.2d 989. "Thus, a judgment supported by `some competent, credible evidence going to all the essential elements of the case' *Page 6 
must be affirmed." Id., citing C.E. Morris Co. v. Foley Constr Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 15} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. The State has the burden of proving that the offender is a sexual predator by clear and convincing evidence. Wilson;
R.C. 2950.09(B)(4). "Clear and convincing evidence is evidence that `will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' (Internal citations omitted). To meet the clear-and-convincing standard requires a higher degree of proof than `a preponderance of the evidence,' but less than `evidence beyond a reasonable doubt.' State v. Ingram (1992), 82 Ohio App.3d 341, 346,612 N.E.2d 454." Wilson.
 {¶ 16} In order to satisfy this standard, "there must be something of substance from which one could draw a logical conclusion concerning the likelihood of recidivism to reach a firm belief or conviction that the defendant is likely to commit a sexually oriented offense in the future." State v. Arthur (Aug. 16, 2001), Cuyahoga App. No. 77770.
 {¶ 17} In making a determination as to whether an offender is a sexual predator pursuant to R.C. 2950.09(B)(3), the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. These factors include, but are not limited to: the offender's age and prior criminal *Page 7 
record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense; whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental disease or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a)-(j).
 {¶ 18} At the hearing, the trial court should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v.Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288, 752 N.E.2d 276; State v.Othberg, Cuyahoga App. No. 83342, 2004-Ohio-6103.
 {¶ 19} The trial court, however, is not required to `"tally up or list the statutory factors in any particular fashion.'" State v. Ford, Cuyahoga App. No. 83683, 2004-Ohio-3293, quoting State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. Moreover, R.C. 2950.09(B) does not require that each factor be met. State v. Grimes (2001),143 Ohio App.3d 86, 757 N.E.2d 413. It simply requires the trial court to consider those factors that are relevant. Id.
 {¶ 20} Ware argues that the record in this case does not support a sexual predator classification. He states that this was the only sex offense he committed. *Page 8 
He also claims that the court psychologist's determinations were inconclusive in determining whether he would be likely to reoffend in the future. Ware also points out that the Static-99 rated him in the medium risk category for reoffending.[3]
 {¶ 21} Although Ware cites factors that may be in his favor, we nonetheless cannot ignore the other factors that are present and upon which the trial court relied in making its determination. As we stated in State v. Butler, Cuyahoga App. No. 86554, 2006-Ohio-4492, "[t]he trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to the defendant in order to conclude the defendant is a sexual predator."
 {¶ 22} Our review of the record, in the instant case, reveals that the trial court addressed and considered the factors in R.C. 2950.09(B)(3) in reaching its determination. The court considered the evidence and testimony presented as well as the arguments of counsel. The trial court found relevant to its determination the nature of the offense. Ware entered through the victim's window while she was asleep in her bedroom. He attempted to rape the victim, who was a stranger. He claimed that he believed the victim was an "old friend" of his. The court also looked *Page 9 
at Ware's history of drug and alcohol abuse and his prior criminal record, which included drug offenses. The court also considered Ware's age and his Static-99 evaluation placing him in the moderate-high risk category. Furthermore, the court's psychiatric report diagnosed Ware with antisocial personality disorder and a psychotic disorder, not otherwise specified. Also, the court noted that Ware failed to complete a sex offender treatment program. Thus, we find that the trial court was presented with clear and convincing evidence to support its adjudication that Ware is a sexual predator. Furthermore, our review reflects that the trial court's judgment is supported by "some competent, credible evidence" as required by Wilson.
 {¶ 23} Accordingly, the second assignment of error is overruled.
 {¶ 24} Judgment is affirmed in part, reversed in part, and the case is remanded for the trial court to vacate the residency restriction consistent with Hyle.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, J., and Frank D. Celebrezze, Jr., J., Concur.
[1] In 2003, the General Assembly imposed residency restrictions on certain sexually oriented offenders through the enactment of R.C. 2950.031, later amended and recodified as R.C. 2950.034. We refer to the 2003 version of the statute in effect at the time of Ware's hearing.
[2] We note that Ware did not raise his constitutional challenge to the residency requirements, or to any of the other statutory requirements or restrictions imposed upon offenders classified as sexual predators, at the trial court level.
[3] This court has previously noted that "[t]he utility of the Static-99 evaluation as a diagnostic tool for individual risk assessment is open to question. The evaluation merely performs an actuarial assessment of an offender's chances of reoffending." State v.Pierce, Cuyahoga App. No. 88470, 2007-Ohio-3665, citing State v.Colpetzer, Cuyahoga App. No. 79983, 2002-Ohio-967. *Page 1