[Cite as *State v. Durant*, 2017-Ohio-8482.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105235**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RAYMOND S. DURANT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-92-290675-ZA

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 9, 2017

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

John T. Martin
Assistant Public Defender
310 Lakeside Ave., Ste. 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant Raymond Durant appeals his sexual predator classification. For the reasons that follow, we affirm.

{¶2} On April 29, 1993, Durant pleaded guilty to one count of rape in violation of R.C. 2907.02 and one count of aggravated robbery in violation of R.C. 2923.02 and 2911.01. Both counts stem from an incident that occurred on November 19, 1992. Durant, then 19 years old, came upon his 28-year-old victim while she was jogging in Forest Hills Park. Intending to rob the victim, Durant produced a weapon and led her to a secluded area. Durant took the victim's rings, ordered her to remove her clothes, and then raped her.

{¶3} On June 15, 1993, the trial court sentenced Durant to a maximum of 25 years in prison.

{¶4} On August 2, 2016, in preparation for Durant's release, the trial court conducted an H.B. 180 hearing. As a result of that hearing, Durant was classified as a sexual predator.

{¶5} Durant now appeals, arguing in two assignments of error that the trial court erred in classifying him as a sexual predator. Specifically, Durant argues that (1) the trial court did not address the likelihood that he would reoffend, and (2) the state failed to prove by clear and convincing evidence that Durant is likely to engage in the future in one or more sexually oriented offenses.

**Law and Analysis**

**{¶6}** Former R.C. 2950.01 et seq., codified under H.B. 180 and popularly known as "Megan's Law," created three classifications for sexual offenders: sexually oriented offender, habitual sex offender, and sexual predator. *See* former R.C. 2950.09.

**{¶7}** The sexual predator classification attaches automatically in those cases where an offender is convicted of a violent sexually oriented offense and a specification alleging that he or she is a sexually violent predator. *State v. Cook*, 83 Ohio St.3d 404, 407, 700 N.E.2d 570 (1998), citing former R.C. 2950.09(A). In all other cases of sexually oriented offenders, including the instant case, the trial court may designate the offender as a sexual predator "only after holding a hearing where the offender is entitled to be represented by counsel, testify, and call and cross-examine witnesses." *Id.*, citing former R.C. 2950.09(B)(1) and (C)(2).

**{¶8}** A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Former R.C. 2950.01(E).

> In making a determination as to whether an offender is a sexual predator, the judge must consider all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any

additional behavioral characteristics that contribute to the offender's conduct.

*Cook,* citing former R.C. 2950.09(B)(2)(a) through (j).

**{¶9}** After reviewing all of the testimony and considering the factors listed above, "the judge shall determine by clear and convincing evidence whether the offender is a sexual predator." *State v. Blake-Taylor*, 8th Dist. Cuyahoga No. 100419, 2014-Ohio-3495, ¶ 4, citing former R.C. 2950.09(B)(4).

**{¶10}** Clear and convincing evidence is that which will produce in the trier of fact "a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. While requiring a greater standard of proof than a preponderance of the evidence, clear and convincing evidence requires less than proof beyond a reasonable doubt. *In re Parsons*, 9th Dist. Lorain Nos. 97CA006662 and 97CA006663, 1997 Ohio App. LEXIS 5141 (Nov. 12, 1997).

**{¶11}** Because sexual predator classifications under Megan's Law are considered civil in nature, the civil manifest weight of the evidence standard of review applies on appeal. *State v. Larson*, 8th Dist. Cuyahoga No. 101000, 2014-Ohio-4685, ¶ 17, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus. Because the civil manifest weight of the evidence affords the lower court more deference than the criminal standard, the trial court's determination will not be disturbed where it was supported by some competent, credible evidence. *Wilson* at ¶ 26.

**{¶12}** Durant first argues that his sexual predator classification is invalid because the trial court made that determination without making the required finding that he was likely to commit a future sex offense. When describing a "model" sexual offender classification hearing, the Ohio Supreme Court stated that "the trial court should consider the factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." *State v. Eppinger*, 91 Ohio St.3d 158, 166, 743 N.E.2d 881 (2001).

**{¶13}** Durant's assertion that a finding that he was likely to commit a future sex offense was "statutorily-required" relies on a misinterpretation of the law. In light of the definition of sexual predator, a trial court's discussion of the statutory factors need not include an explicit statement that the offender is likely to reoffend. Such a statement is redundant where the trial court determines that an individual is properly classified as a sexual predator. *Blake-Taylor,* 8th Dist. Cuyahoga No. 100419, 2014-Ohio-3495, at ¶ 5.

**{¶14}** Durant next argues that the state was unable to prove by clear and convincing evidence that he was likely to engage in the future in one or more sexually oriented offenses. In support of this assignment of error, Durant discusses factors that weigh against recidivism, including his age at the time of the offense.

**{¶15}** "[T]he trial court should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." *State v. Ware*, 8th Dist. Cuyahoga No. 90051, 2008-Ohio-2788, ¶ 18, citing

*State v. Thompson*, 92 Ohio St.3d 584, 752 N.E.2d 276 (2001). This discussion does not, however, include a requirement that the trial court "tally up or list the statutory factors in any particular fashion." *State v. Clayton*, 8th Dist. Cuyahoga No. 81976, 2003-Ohio-3375, ¶ 27. Further, former R.C. 2950.09(B) "does not require that each factor be met; rather, it simply requires the trial court consider those factors that are relevant." *State v. Grimes*, 143 Ohio App.3d 86, 89, 757 N.E.2d 413 (8th Dist.2001).

**{¶16}** Although Durant refers to multiple statutory factors a trial court must consider, he is unable to show a complete absence of competent and credible evidence on which the trial court based his classification. Further, the factors Durant attempts to present in mitigation were heard and fully considered by the trial court during the classification hearing.

**{¶17}** Based on a thorough review of the classification hearing, we find that the record includes a discussion of the relevant statutory factors, as well as multiple factors that support the trial court's classification of Durant as a sexual predator. The trial court heard testimony regarding the Static-99, an actuarial instrument that assigns point values to certain objective factors and produces an assessment of the likelihood that an individual will reoffend. In its discussion of the Static-99, the trial court considered Durant's age, relationship history, relationship to the victim, among other factors. Durant scored a "5" on the Static-99, which places him at a "moderate/high" risk of reoffending.

**{¶18}** The trial court also heard testimony regarding the nature of the underlying sexual offense, Durant's past behavioral problems, the degree to which he participated in and completed sexual offender programming, and his disciplinary history while incarcerated. While Durant has completed some sex-offender treatment while incarcerated, he stopped attending a comprehensive sex offender program after three months, without explanation and against the advice of staff and other inmates in the program.

**{¶19}** Based upon a holistic view of the evidence presented in the classification hearing, the trial court's determination was based on competent and credible evidence.

**{¶20}** Durant's assignments of error are overruled, and his sexual predator classification is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
EILEEN A. GALLAGHER, P.J., DISSENTS (WITH SEPARATE OPINION ATTACHED)

EILEEN A. GALLAGHER, P.J., DISSENTING:

**{¶21}** For the following reasons, I respectfully dissent from the majority opinion. Because I find that the state failed to prove by clear and convincing evidence that Durant is "likely to engage in the future in one or more sexually oriented offenses," I would reverse the trial court's finding that he qualifies as a sexual predator.

**{¶22}** The psychiatric report prepared by Michael Caso identified four risk factors for recidivism applicable to Durant: (1) his victim was unrelated, (2) he had prior criminal offenses, (3) he had never married or been in a cohabitating relationship for more than two years and (4) he failed to complete sex offender treatment. I find the third factor to be inapplicable to Durant because he committed the present offense at the age of 19. To penalize him for not establishing a cohabitating relationship at the age of 17 is patently absurd. I find the fourth factor equally inapplicable. Although the record reflects that Durant failed to complete all potential sex offender treatment programs offered to him during his prison term, he did complete two separate programs in 1997 and 2013. In fact, the record from Durant's completed sex offender education program in 1997 reflects that he admitted to his offending behavior, appeared to have an improved understanding of the behavior and appeared to have increased victim empathy.

**{¶23}** Conversely, the factors applicable to Durant that were identified as mitigating against recidivism are numerous: (1) no prior sexual offenses, (2) no sexual preference for children, (3) no male children victims, (4) no deviant sexual preferences,

(5) no substance abuse problems, (6) older than 35 years of age at the time of release and (7) does not present traits or behaviors associated with antisocial personality disorder.

**{¶24}** Furthermore, I find the majority's reliance upon Durant's Static-99 score to be misplaced.   On the modernized Static-99R, which was updated to appropriately factor in an offender's age at the time of his release from prison, Durant scored a "4," placing him into the category of "low-moderate" risk for re-offending.   However, Durant's score included one point for failing to have established a two-year continuous, cohabitating relationship.   As I addressed above, I find this factor inapplicable to an individual who, in order to avoid being penalized, would have had to begin a cohabitating relationship before he or she reached the age of majority.   Removing this penalty from Durant's Static-99R would reduce his score to a "3"and place him into the "low-moderate" category for risk of re-offending. Caso testified that an individual with a score of "3" on the Static-99R had a 6.6 percent chance of re-offending within five years.

**{¶25}** On these facts I cannot say that the trial court's conclusion that Durant qualifies as a sexual predator is supported by competent, credible evidence in the record. I would reverse.