JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Larry Robertson ("Robertson"), appeals his sexual predator classification. Finding no merit to the appeal, we affirm.
 {¶ 2} In April 1993, Robertson was charged with numerous counts of felonious sexual penetration and gross sexual imposition. Pursuant to a plea agreement, he pled guilty to felonious sexual penetration, without force, as amended in counts one and two of the indictment. In August 1993, he was sentenced to eight to twenty-five years in prison on each count, to be served concurrently.
 {¶ 3} In November 2006, the State requested a sexual predator adjudication hearing. The trial court conducted a hearing in January 2007 and determined that Robertson was a sexual predator based on the factors listed in R.C. 2950.09.
 {¶ 4} Robertson now appeals, raising one assignment of error in which he argues that the trial court erred when it classified him as a sexual predator. He contends that the State failed to produce clear and convincing evidence that there was a likelihood that he would commit future sex crimes. He further contends he was denied due process when the trial court classified him as a "predator."
 Standard of Review {¶ 5} In State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264, the Ohio Supreme Court recently clarified the standard of review applicable to sex offender classifications. The Wilson Court held that "[b]ecause sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be *Page 4 
reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence." Id., at the syllabus.
 {¶ 6} The civil manifest-weight-of-the-evidence standard "affords the lower court more deference than the criminal standard." Id., citingBarkley v. Barkley (1997), 119 Ohio App.3d 155, 694 N.E.2d 989. "Thus, a judgment supported by `some competent, credible evidence going to all the essential elements of the case' must be affirmed." Id., citingCE. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 Sexual Predator Classification {¶ 7} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. The State has the burden of proving that the offender is a sexual predator by clear and convincing evidence. Wilson, supra; R.C. 2950.09(B)(4). "Clear and convincing evidence is evidence that `will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' (Internal citations omitted). To meet the clear-and-convincing standard requires a higher degree of proof than `a preponderance of the evidence,' but less than `evidence beyond a reasonable doubt.' State v. Ingram (1992),82 Ohio App.3d 341, 346, 612 N.E.2d 454." Wilson, supra. *Page 5 
 {¶ 8} In order to satisfy this standard, "there must be something of substance from which one could draw a logical conclusion concerning the likelihood of recidivism to reach a firm belief or conviction that the defendant is likely to commit a sexually oriented offense in the future." State v. Arthur (Aug. 16, 2001), Cuyahoga App. No. 77770.
 {¶ 9} In making a determination as to whether an offender is a sexual predator pursuant to R.C. 2950.09(B)(3), the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. These factors include, but are not limited to: the offender's age and prior criminal record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense; whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental disease or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a)-(j).
 {¶ 10} At the hearing, the trial court should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v.Thompson, 92 Ohio St.3d 584, 588, 2001-Ohio- *Page 6 
1288, 752 N.E.2d 276; State v. Othberg, Cuyahoga App. No. 83342,2004-Ohio-6103.
 {¶ 11} However, the trial court is not required to `"tally up or list the statutory factors in any particular fashion.'" State v. Ford, Cuyahoga App. No. 83683, 2004-Ohio-3293, quoting State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v. Grimes (2001),143 Ohio App.3d 86, 757 N.E.2d 413.
 {¶ 12} In the instant case, we find no error in the trial court's adjudicating Robertson as a sexual predator. The record demonstrates that the trial court relied on the factors in R.C. 2950.09(B)(3). The court noted that Robertson had never been married. At the time the abuse occurred, the victim was six years old and Robertson was forty-four years old. Robertson admitted that he sexually abused the victim approximately twelve times in 1992. He also admitted that he told the victim not to tell anyone. At the time the abuse occurred, Robertson was frequently under the influence of alcohol. Testing revealed that he had a history of alcohol abuse. Furthermore, the court psychiatric report indicated that Robertson met the criteria for pedophilia. His ABEL Assessment indicated that he had a significant interest in adolescent females and elementary school-aged males and females. In addition, while in prison, his sexual offender treatment was terminated due to his non- *Page 7 
completion of assignments. Thus, we find ample competent, credible evidence to support the trial court's adjudication of Robertson as a sexual predator.
 {¶ 13} Therefore, the sole assignment of error is overruled.
 {¶ 14} Accordingly, we affirm Robertson's sexual predator adjudication.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and MELODY J. STEWART, J., CONCUR *Page 1