[Cite as *State v. Johnson*, 2013-Ohio-4113.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO.  16-13-07

      v.

RICKEY ALAN JOHNSON,            O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO.  16-13-08

      v.

RICKEY ALAN JOHNSON,            O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Wyandot County Common Pleas Court
Trial Court Nos. 10-CR-48 and 11-CR-0006

**Judgments Affirmed**

Date of Decision:  September 23, 2013

APPEARANCES:

    *Emily P. Beckley*  for Appellant

    *Jonathan K. Miller*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Rickey Alan Johnson ("Johnson") appeals the March 20, 2013 judgments of the Wyandot County Court of Common Pleas designating him as a "Sexual Predator" under Megan's Law.[1]

{¶2} On April 22, 2011, Johnson pleaded guilty to three counts of sexual battery. The charges stemmed from an ongoing sexual relationship spanning several years that Johnson maintained with his minor step-daughter.

{¶3} On June 16, 2011, the trial court sentenced Johnson to serve an aggregate prison term of fifteen years and designated him as a "Tier III" sexual offender under the Adam Walsh Act ("AWA"), which was enacted on January 1, 2008. However, the record indicates that the sexual conduct underlying the offenses occurred between 1996 and 1998, when Megan's Law was in effect.

{¶4} Johnson subsequently appealed his designation as a "Tier III" sexual offender to this Court and argued that the trial court was required to classify him under the statutory scheme in effect at the time he committed his offenses. *See State v. Williams*, 129 Ohio St.3d 344, 2011–Ohio–3374. Notably, the prosecution conceded this to be error.

{¶5} This Court reversed the trial court's "Tier III" classification and remanded the matter to the trial court with instructions to hold a sex offender

---

[1] This matter originated from two separate cases that were at one point "joined" by the trial court. Despite "joining" the cases, the trial court maintained two case numbers throughout its court proceedings which resulted in two corresponding appellate numbers on appeal.

designation hearing in accordance with Megan's Law. *See State v. Johnson*, 3d Dist. Wyandot Nos. 16–11–05, 16–11–06, 2013-Ohio-136, ¶ 9.

**{¶6}** On March 12, 2013, the trial court held a sexual offender designation hearing and based on the applicable statutory law designated Johnson as a "Sexual Predator."

**{¶7}** Johnson now appeals, asserting the following assignment of error.

**THE TRIAL COURT ERRED IN DESIGNATING APPELLANT A SEXUAL PREDATOR BECAUSE THE FINDING WAS NOT SUPPORTED BY CLEARING [SIC] AND CONVINCING EVIDENCE.**

**{¶8}** In his sole assignment of error, Johnson argues that the trial court erred when it designated him as a sexual predator. Specifically, Johnson contends that the prosecution failed to present adequate evidence to support the trial court's finding that he is likely to engage in future sexually-oriented offenses. In response, the prosecution contends that there was clear and convincing evidence to show the likelihood of recidivism.

**{¶9}** On appeal, this Court reviews a trial court's sexual predator designation "under the civil manifest-weight-of-the-evidence standard and [the decision] may not be disturbed when the judge's findings are supported by some competent, credible evidence." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, at the syllabus.

**{¶10}** This civil standard of review affords the trial court more deference than the criminal standard. *Id*. at ¶ 26. Thus, the standard is satisfied if there is something of substance in the evidence from which one could draw a logical conclusion concerning the likelihood of recidivism, enough to reach a firm belief or conviction that the defendant is likely to commit a future sexual offense. *See State v. Robertson*, 8th Dist. Cuyahoga No. 89367, 2007-Ohio-5704, ¶ 8.

**{¶11}** The term "sexual predator" is defined as a person who has "been convicted of committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). Sexual battery is a "sexually oriented offense." *See* R.C. 2907.03(A)(5), 2950.01(D)(1)(a). Unless the offense qualifies the offender for automatic sexual predator status under R.C. 2950.09(A), the trial court must hold a hearing to determine if the offender is a sexual predator. R.C. 2950.09(B)(1),(2). In making a sexual predator determination, R.C. 2950.09(B)(2) requires the trial court to "consider all relevant factors," including:

> **(a) The offender's age;**
>
> **(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;**
>
> **(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;**

**(d)** **Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;**

**(e)** **Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;**

**(f)** **If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;**

**(g)** **Any mental illness or mental disability of the offender;**

**(h)** **The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;**

**(i)** **Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;**

**(j)** **Any additional behavioral characteristics that contribute to the offender's conduct.**

R.C. 2950.09(B)(2)(a)-(j). In applying these factors, courts should "consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." *State v. Robertson*, 147 Ohio App.3d 94, 2002-Ohio-494, at ¶ 20 (3d Dist.).

{¶12} In reviewing the evidence and the statutory factors, the trial court must determine by clear and convincing evidence whether the offender is a sexual

predator. R.C. 2950.09(B)(3). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954), citing *Merrick v. Ditzler*, 91 Ohio St. 256 (1915).

{¶13} At the sexual offender designation hearing, there were two court exhibits submitted as evidence. The first was the pre-sentence investigation ("PSI") completed on Johnson, which included details of Johnson's criminal history and details of the instant offense, including statements made by Johnson, gathered during the course of the investigation. The second exhibit was the victim impact statement, which also included statements made by the victim, Johnson's step-daughter, T.M.D.

{¶14} Specifically, T.M.D. stated that the sexual abuse began when she was twelve-years-old and lasted for several years. T.M.D. claimed that Johnson raped her and took her virginity. T.M.D. described an initial pattern of abuse that occurred in the evenings after dinner while her mother worked second shift. T.M.D. stated that Johnson was violent at times to gain her compliance and threatened to kill her if she ever told anyone about the sexual abuse. T.M.D.

recalled that the locations of sexual activity eventually expanded to occur in other residences and in vehicles. She stated that Johnson also occasionally took her to motel rooms, where he gave her drugs and engaged in sexual activity with her. T.M.D. further stated that Johnson was worried about impregnating her and took her to the health department to get birth control pills.

{¶15} Johnson claimed the sexual abuse began when T.M.D. was fifteen-years-old and lasted three years. Johnson stated they both initiated the first sexual contact and the relationship was consensual. Johnson estimated that the sex occurred between 150 to 200 times. Johnson denied giving T.M.D. drugs to impair her judgment, but admitted they used drugs together in motel rooms. He attributed his poor decision making to his drug abuse and conceded it was "probably more [his] fault than hers." (Court's Ex. 1).

{¶16} At the hearing, the prosecution also presented the testimony of Special Agent William Latham, a former investigator for the Wyandot County Prosecutor's Office. Mr. Latham originally investigated the case in July of 2010 when T.M.D. initially disclosed the allegations of sexual abuse. Mr. Latham conducted two interviews of Johnson.

{¶17} The first interview was a non-custodial interview at the prosecutor's office, in which Johnson emphatically denied any involvement in sexual activity with T.M.D. On her own accord, T.M.D. subsequently recorded a conversation

with Johnson during which he made certain admissions relative to the allegations. As a result, Mr. Latham conducted a custodial interview with Johnson a week later at the Wyandot County Sheriff's Office. This time, Johnson admitted to having a sexual relationship with T.M.D., however Johnson claimed the sex was consensual and began when T.M.D. was fifteen. Johnson also admitted that much of the sex was unprotected.

{¶18} After listening to the evidence and the arguments of counsel, the trial court discussed the relevance of the factors enumerated in R.C. 2950.09(B)(2) on the record, and stated the following:

> **The Court finds by clear and convincing evidence after considering the relevant factors in 2950.09, including any additional behavioral characteristics that contribute to the offender's conduct contained in (j), that again by clear and convincing evidence, the defendant is a sexual predator and is so designated.**
>
> **Towards this finding the Court states defendant was much older than his victim. The abuse commenced when she was a child. He was an adult. And the role as a parent to his victim, the relationship with her facilitated the offenses.**
>
> **Defendant possesses a criminal record which contains two felonies; one involving a firearm and one involved aggravated trafficking in drugs.**
>
> **Defendant did not do well while on supervision, violated his supervision numerous times and shown an unwillingness to conform his behavior.**
>
> **The violations occurred over a period of years and there was a demonstrated pattern of abuse.**

> **The unprotected sex defendant engaged in with his victim shows an additional disregard for his victim's health and well-being. Putting the victim on birth control without her mother's knowledge also shows a disregard for his victim's health and well-being because she was a child when this occurred.**
>
> **The victim in her impact statement claimed defendant forced her to have sex, threatened her not to tell anyone and, on occasion, used drugs to impair her judgment. The first two claims are corroborated to some degree by the conversation [the] victim had with the defendant wherein she told him "you raped me" and his response was to worry about what would happen to the family if the facts were revealed. Rape, even in the nonlegal sense, is never envisioned as a consensual event.**
>
> **Defendant did not need multiple victims as he was able to fill his sick desire with just one scared victim by abusing her on multiple occasions over multiple years.**
>
> **Defendant supplied drugs to the victim to assist him in impairing her judgment, judgment that was already immature because of the victim's age.**
>
> **Defendant has a long extensive history of drug abuse. Defendant showed little remorse, blamed his victim and took little responsibility.**
>
> **Given defendant's history, his attitude toward his crime, the law, his victim, the fact the defendant took the opportunity that was presented to him, the Court cannot now envision that the defendant will conform his behavior to one of respect for the law and respect for individuals, particularly children he may encounter in the future.**

(Tr. at 36-38). Notably, the trial court reiterated these findings in its judgment

entry designating Johnson as a sexual predator.

**{¶19}** In challenging the trial court's sexual predator designation, Johnson contends that there was a lack of evidence demonstrating that he is likely to commit future offenses. Johnson points to the fact that there was only one victim in this case and that he had no prior record of sexually oriented offenses. However, in making this argument, Johnson overlooks the fact that the legislature drafted the factors in R.C. 2950.09(B)(2) to assist a court in determining an offender's likelihood of recidivism. *See State v. Thompson*, 92 Ohio St.3d 584, 2001-Ohio-1288. The trial court is given broad discretion in deciding how much weight, if any, to give to each of the factors. *Id.* Moreover, the court may classify an offender as a sexual predator "even if only one or two statutory factors are present," if in its consideration of the relevant factors the totality of the circumstances clearly and convincingly indicate a likelihood of recidivism. *State v. Randall*, 141 Ohio App.3d 160, 166 (11th Dist. 2001).

**{¶20}** Here, the trial court discussed several of the enumerated factors relative to the evidence in the record and determined that the likelihood of Johnson recidivating warranted the sexual predator designation. In addition, our review of the record reveals that the findings of the trial court are supported by some competent, credible evidence. Therefore, we find no error in the trial court's designation of Johnson as a sexual predator.

{¶21} Accordingly, the assignment of error is overruled and the judgments of the trial court are affirmed.

*Judgments Affirmed*

**PRESTON, P.J. and ROGERS. J., concur.**

**/jlr**